IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRUZ LUERA, § § Plaintiff § § vs. § § GENERAL REVENUE § CORPORATION, § § Defendant § | CIVIL ACTION NO. Jury Trial Demanded |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Electronic Fund Transfer Act, 15 U.S.C. § 1693 through 1693r and its implementing Regulation E, 12 C.F.R. Part 205 (hereinafter "EFTA"), the Texas Debt Collection Practices Act, Tex. Fin. Code Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the EFTA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1693m(g), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Cruz Luera ("Plaintiff"), is a natural person residing in Austin County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3), the EFTA, 15 U.S.C. § 1693a(5), the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code § 392.001(1).

8. Defendant, General Revenue Corporation ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with collection of an alleged student loan debt, Defendant seized Plaintiff's federal tax return in the amount of $6,971.00 (six thousand nine hundred seventy-one dollars) to apply towards Plaintiff's alleged debt.

14. To date, Defendant has not provided documentation to Plaintiff demonstrating that said monies were applied to Plaintiff's alleged debt.

15. Defendant made initial communication by placing a telephone call to Plaintiff's cellular telephone on or about May 5, 2011.

16. During said telephone call, Defendant demanded payment of $10,000.00 (ten thousand dollars) by the end of the month in order for Plaintiff to avoid wage garnishment.

17. Defendant further threatened that if Plaintiff did not agree to pay by the end of the month, Defendant would garnish Plaintiff's wages an amount in excess of $16,000.00 (sixteen thousand dollars) accounting for collection fees and services.

18. After Plaintiff explained that he did not have that much money at hand, Defendant demanded that Plaintiff agree to a payment plan by 7:00 P.M. on the evening of May 5, 2011 or face garnishment.

19. Later the same day, Plaintiff called Defendant back to arrange a payment plan in order to avoid wage garnishment.

20. During said telephone call, Plaintiff agreed to make an initial payment $90.00 (ninety dollars), but requested that the payment not be withdrawn until after Plaintiff's son had an MRI in June.

21. Defendant called said agreement a "Loan Rehabilitation Plan."

22. Defendant sent Plaintiff written communication dated May 5, 2011, in which Defendant requested signed documents and an authorization for automated withdrawal to be eligible for the Loan Rehabilitation Plan.

23. On the back of said communication, Defendant required payments of $90.00 (ninety dollars) on May 27, 2011, two (2) payments of $120.00 (one hundred twenty dollars) in June 2011, and nine (9) monthly payments of $120.00 (one hundred twenty dollars) starting on July 20, 2011.

24. Department of Education regulations dictate that debtors must be offered an opportunity to engage in a "Loan Rehabilitation" program. 37 USC § 3720D.

25. Federal Regulations dictate that the debtor must be offered an opportunity to make 12 identical consecutive monthly payments. 34 CFR § 682.405. Further, the monthly payment amount must be affordable for the debtor.

26. Defendant sent Plaintiff written correspondence dated May 9, 2011, which requested the same documents and required the same payment plan as the May 5, 2011 letter.

27. Said written correspondence additionally informed Plaintiff of the amounts being collected for the student loans and displayed that $4,349.32 (four thousand three hundred forty-nine dollars and thirty-two cents) in collection costs were added to Plaintiff's balance.

28. Defendant sent Plaintiff written notice dated May 18, 2011 of intent to debit Plaintiff's account $90.00 (ninety dollars) on May 27, 2011.

29. Plaintiff did not agree to have any payment withdrawn from his account on May 27, 2011, nor did he ever provide Defendant with a signed, written authorization for a preauthorized electronic fund transfer.

30. On or about May 24, 2011, Plaintiff called Defendant to opt of the automatic debit transactions, and instead make payments by mail.

31. Defendant, via its agent and/or employee "Stephanie," told Plaintiff that if she took Plaintiff out of the automatic payment plan, Defendant would have to mark his file as "refusing to pay" and Defendant would go forward with wage garnishment.

32. Plaintiff, in response, told Defendant he was not refusing to pay but would rather pay by mail.

33. Defendant responded by telling Plaintiff "We cannot take your word for it that you are going to pay.  You have called four times today and have been

nothing but difficult to deal with." However, this was Plaintiff's first call to Defendant that day.

34. Defendant, via its agent and/or employee "Stephanie," further stated, "The point is you haven't paid yet. And if you don't want to pay us, I'll just send you back to your original lender, and you'll have to pay the full $16,000 that you owe. And we will start wage garnishment. We are part of the federal government, if we want our money we will get it."

35. On or about May 26, 2011, Plaintiff called Defendant to again attempt to opt out of the automatic debit transactions and instead make payments by mail.

36. Defendant, via its agent and/or employee "Richard," told Plaintiff that if he took Plaintiff out of the automatic payment plan, Plaintiff would be out of "the plan."

37. On or about June 2, 2011, Defendant debited $90.00 (ninety dollars) from Plaintiff's bank account through a pre-authorized draft pursuant to the preauthorized payment arrangements proposed by Defendant.

38. On or about June 15, 2011 and June 29, 2011 Defendant debited $120.00 (one hundred twenty dollars) from Plaintiff's bank account through a pre-authorized draft pursuant to the preauthorized payment arrangements proposed by Defendant.

39. On or about July 25, 2011, Defendant debited $120.00 (one hundred twenty dollars) from Plaintiff's bank account by use of an electronic fund transfer pursuant to the pre-authorized payment arrangement proposed by Defendant.

40. On or about August 24, 2011, Defendant debited $120.00 (one hundred twenty dollars) from Plaintiff's bank account through a pre-authorized draft pursuant to the pre-authorized payment arrangements proposed by Defendant.

41. Plaintiff further inquired as to why the amount Defendant gave him in previous telephone conversations was different than the amount on Defendant's May 18, 2011 letter.

42. Richard told Plaintiff that there were six loans from Wells Fargo in their calculation of $16,000.00.

43. Richard told Plaintiff that the principal for one loan was $2,393.98, another one was $3,647.72, and another one was $3,143.01.

44. Richard then asked Plaintiff if he was sure that Plaintiff was talking about the same loans as Defendant as "like you said, this isn't adding up. So, I mean, it doesn't sound like it's these loans at all."

45. When Plaintiff asked Richard which amount was right, Richard responded that his was right, because it came right from Plaintiff's original lender.

46. When Plaintiff asked why the letter was not correct since it had also come from Defendant, Richard responded, "That's what I'm saying. I don't know why. It's not, if it's in the system, it should be printed on the papers like that."

47. Defendant's actions constitute conduct highly offensive to a reasonable person.

### COUNT I—FDCPA
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

48. Plaintiff repeats and re-alleges each and every allegation contained above.

49. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—FDCPA
## VIOLATION OF 15 U.S.C. § 1692e(10)

50.    Plaintiff repeats and re-alleges each and every allegation contained above.

51.    Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—FDCPA
## VIOLATION OF 15 U.S.C. § 1692f(1)

52. Plaintiff repeats and re-alleges each and every allegation contained above.

53. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV—FDCPA
## VIOLATION OF 15 U.S.C. § 1692g(b)

54. Plaintiff repeats and re-alleges each and every allegation contained above.

55. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V—FDCPA
## VIOLATION OF 15 U.S.C. § 1692e(1)

56. Plaintiff repeats and re-alleges each and every allegation contained above.

57. Defendant violated 15 U.S.C. § 1692e(1) by its false representation or implication that it is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI--EFTA

58. Plaintiff repeats and re-alleges each and every allegation above.

59. Defendant violated the Electronic Fund Transfer Act in one or more of the following ways:

    a. Debiting Plaintiff's bank account in connection with a preauthorized electronic fund transfer without signed, written authorization from Plaintiff. (15 U.S.C. § 1693e; 12 C.F.R. 205.10(b)).

    b. Debiting Plaintiff's bank account in connection with a preauthorized electronic fund transfer without providing Plaintiff a copy of a signed, written authorization from Plaintiff. ((15 U.S.C. § 1693e; 12 C.F.R. 205.10(b)).

    c. Requiring Plaintiff to enroll in a preauthorized electronic fund transfer as a condition of participation in the Loan Rehabilitation Program. (15 U.S.C. § 1693k; 12 C.F.R. 205.10(e)).

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a) Adjudging that Defendant violated the EFTA;

    b) Awarding Plaintiff statutory damages pursuant to the EFTA;

    c) Awarding Plaintiff actual damages pursuant to the EFTA;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII – TDCPA
## VIOLATION OF TEX. FIN. CODE § 392.303(a)(2)

60. Plaintiff repeats and re-alleges each and every allegation above.

61. Defendant violated Tex. Fin. Code § 392.303(a)(2) by collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation, where the interest or incidental charge, fee, or expense was not expressly authorized by the agreement creating the obligation or legally chargeable to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.303(a)(2);

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII - TDCPA
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(9)

62. Plaintiff repeats and re-alleges each and every allegation above.

63. Defendant violated Tex. Fin. Code § 392.304(a)(9) by representing falsely that Defendant is vouched for, bonded by, or affiliated with, or is an instrumentality, agent, or official of Texas, or an agency of federal, state, or local government.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.304(a)(9);
b) Awarding Plaintiff statutory damages pursuant to the TDCPA;
c) Awarding Plaintiff actual damages pursuant to the TDCPA;
d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;
e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX – TDCPA
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

64. Plaintiff repeats and re-alleges each and every allegation above.

65. Defendant violated Tex. Fin. Code § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Tex. Fin. Code § 392.304(a)(19);

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X—DTPA

66. Plaintiff repeats and re-alleges each and every allegation above.

67. A violation of the Texas Debt Collection Practices Act is a *per se* deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

68. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on November 21, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz
